CRAIG A. FALCONE, ESQUIRE
Attorney I.D. No. 90730
Sacchetta and Falcone
308 East Second Street
Media, PA 19063
610-891-2797

*This is not an arbitration matter. Jurisdiction is demanded.*

PROTHONOTARY

Filed and Attested by the
Office of Judicial Records
27 APR 2020 12:17 pm
A. SILIGRINI

JUDICIAL DISTRICT OF PENN

| | |
|---|---|
| HARRY SHELDRAKE | IN THE COURT OF COMMON PLEAS |
| 819 Hilcrest Drive | PHILADELPHIA COUNTY, PA |
| Glenolden, PA 19036 | CIVIL ACTION - LAW |
|        *Plaintiff,* | |
| | |
|   v. | |
| | |
| THE TORO COMPANY | |
| 8111 Lyndale Avenue South | |
| Bloomington, MN 55420 | |
|     and | |
| THE HOME DEPOT | |
| 2455 Paces Ferry Road, N.W. | |
| Atlanta, GA 30339 | |
|     and | |
| HOME DEPOT U.S.A., INC. | |
| 2455 Paces Ferry Road, N.W. | |
| Atlanta, GA 30339 | |
|        *Defendants.* | |

## NOTICE TO DEFEND

### NOTICE

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other

### AVISO

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas on las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta asentar una compareencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la

claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

Philadelphia County Bar Association
Lawyers Referral and Information Service
1 Reading Center
Philadelphia, PA 19107
[215] 238-1701

corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

Asociacion De Licenciados De Filadelfia
Servicio De Referencia E Informacion Lega
One Reading Center
Filadelfia,Pennsylvania 19107
Telef.: [215] 238-1701

Case ID: 200401321

CRAIG A. FALCONE, ESQUIRE
Attorney I.D. No. 90730
Sacchetta and Falcone
308 East Second Street
Media, PA 19063
610-891-2797

*This is not an arbitration matter.   Jury trial is demanded.*

HARRY SHELDRAKE
819 Hilcrest Drive
Glenolden, PA 19036

                     Plaintiff,

     v.

THE TORO COMPANY
8111 Lyndale Avenue South
Bloomington, MN 55420
       and
THE HOME DEPOT
2455 Paces Ferry Road, N.W.
Atlanta, GA 30339
       and
HOME DEPOT U.S.A., INC.
2455 Paces Ferry Road, N.W.
Atlanta, GA 30339

                    Defendants.

## **COMPLAINT**

AND NOW, comes plaintiff, Harry Sheldrake, by and through his attorney, Craig A. Falcone, Esquire and respectfully represents as follows:

1.     Plaintiff, Harry Sheldrake, is an adult individual residing at 819 Hilcrest Drive, Gleonolden, PA 19036.

2.     Defendant, The Toro Company, is a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the law of the State of Pennsylvania and regularly conducting business in Philadelphia County, with a principal place of business at 8111 Lyndale Avenue South, Bloomington, MN 55420.

3.      Defendant The Home Depot is a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the law of the State of Pennsylvania and regularly conducting business in Philadelphia County, with a principal place of business at 2455 Paces Ferry Road, N.W., Atlanta GA 30339.

4.      Defendant Home Depot U.S.A., Inc. is a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the law of the State of Pennsylvania and regularly conducting business in Philadelphia County, with a principal place of business at 2455 Paces Ferry Road, N.W., Atlanta GA 30339.

5.      On or about June 20, 2018, plaintiff, Harry Sheldrake was utilizing the Toro Ultra Blower/Vacuum Model No. 51619 when he was caused to suffer severe personal injuries to his left hand as a result of the dangerous, defective condition of the leaf blower (i.e. improper guarding of impeller).

6.      The Toro leaf blower was dangerous and defective causing Plaintiff severe injuries as a result of the dangerous and defective product.

7.      At all times relevant hereto, defendants, Home Depot and Home Depot U.S.A., were engaged in the selling, marketing, manufacturing and design of the Toro leaf blower utilized by Plaintiff.

8.      At all times relevant hereto, Defendants conducted continuous and systematic business activity in the Commonwealth of Pennsylvania and regularly conducted business in Philadelphia County.

9.      The accident was caused by the negligence of Defendants and not by Plaintiff.

## COUNT I - NEGLIGENCE

**Plaintiff, Harry Sheldrake v. Defendants, The Toro Company, The Home Depot and**

## Home Depot U.S.A., Inc.

10.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

11.     The incident and resulting injuries to plaintiff were caused by the negligence of defendants, The Toro Company, The Home Depot and Home Depot U.S.A., Inc., acting by and through its agents, servants, workmen and employees.

12.     Such negligence and carelessness consisted of the following:

(a)     failing to properly equip the Toro leaf blower with appropriate safety devices and containers;

(b)     failing to offer devices or products so as to make the Toro leaf blower safe for use;

(c)     allowing the Toro leaf blower to be sold in a defective condition;

(d)     failing to warn users or others subject to injury resulting from the dangerous product, of the dangers associated with the Toro leaf blower;

(e)     failing to investigate the dangers associated with the Toro leaf blower and its use;

(f)     placing its product in the stream of commerce when it knew it was not properly equipped with all features to make the Toro leaf blower safe for its intended use;

(g)     failing to properly design the Toro leaf blower so that it would not cause harm or increase harm to others;

(h)     designing, manufacturing, distributing, assembling and selling the Toro leaf blower which they knew, or should have known, was in a defective condition;

(i)     failing to perform tests or studies about the Toro leaf blower;

(j)      ignoring evidence and facts about the dangers of the Toro leaf blower when used in a reasonably foreseeable manner.

(k)      failing to warn consumers that this product cannot be or is unsafe if used for recreational/amusement activity and the use of the cable is restricted specifically for commercial/industrial applications and not for any activity involving zip lining or any similar activity.

13.      The accident was caused by the negligence of defendants, The Toro Company, The Home Depot and Home Depot U.S.A., Inc., and was in no way caused by the plaintiff.

14.      Solely as a result of the negligence of defendants, plaintiff, Harry Sheldrake, was caused to suffer various physical injuries, including, but not limited to, left finger injuries requiring multiple surgeries.

15.      As a direct result of the aforesaid injury, plaintiff suffered severe shock to his nervous system, great physical pain, and mental anguish, all of which may continue for an indefinite period of time into the future.

16.      Plaintiff has been compelled to expend various sums of money for medication and medical attention in attempting to remedy the aforementioned injuries.

17.      As a result of his injuries, plaintiff has and may in the future continue to incur unreimbursed wage loss.

18.      As a result of his injuries, plaintiff may have suffered a permanent disability and a permanent impairment of her earning power and capacity.

19.      As a direct result of the injury, plaintiff has been prevented from attending to his usual duties and obligations and believes that he may be prevented from so doing in the future, as her injuries seem to be permanent in nature.

WHEREFORE, plaintiff, Harry Sheldrake, demands judgment against defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars and in an amount not within the compulsory arbitration limit of this court.

**COUNT II**

**Plaintiff, Harry Sheldrake v. Defendants, The Toro Company, The Home Depot and Home Depot U.S.A., Inc.**

**PRODUCTS LIABILITY UNDER RESTATEMENT OF TORTS (SECOND), §402(a) AND PENNSYLVANIA INTERPRETIVE COMMON LAW**

20.      Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

21.      The injuries and damages plaintiff sustained were directly and proximately caused by the defective condition of the Toro leaf blower, either by virtue of its defective design, defective manufacture, or Defendants' failure to adequately warn of the dangers of the product, for which defendants, The Toro Company, The Home Depot and Home Depot U.S.A., Inc. are strictly liable to plaintiff.

22.      The Toro leaf blower involved in the accident described above was defective for its foreseeable use and purpose.

23.      The injuries and damages suffered by plaintiff were directly and proximately caused by the defective design, manufacture or failure to warn or adequately warn of the dangers associated with the Toro leaf blower involved in the accident.

24.      The injuries and damages suffered by plaintiff were directly and proximately caused by the failure of defendants, The Toro Company, The Home Depot and Home Depot U.S.A., Inc., to equip and design the Toro leaf blower with all devices necessary to make it safe

Case ID: 200401321

for its intended use.

WHEREFORE, plaintiff requests this Court hold defendants, The Toro Company, The Home Depot and Home Depot U.S.A., Inc., strictly liable, because its product was defective, as defined by Restatement of Torts (Second), §402(a) and Pennsylvania interpretive common law, and that an award of damages be entered in favor of plaintiff in an amount in excess of $50,000.00 and in an amount not within the compulsory arbitration limit of this court.

## COUNT III

### Plaintiff, Harry Sheldrake v. Defendants, The Toro Company, The Home Depot and Home Depot U.S.A., Inc.

### BREACH OF WARRANTY

25.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

26.     At the time of the incident the Defendant manufactured, sold or distributed the Toro leaf blower at issue, defendants, The Toro Company, The Home Depot and Home Depot U.S.A., Inc., were in the business of manufacturing, selling, distributing and marketing the Toro leaf blower and were, with respect to the Toro leaf blower, a "merchant" within the meaning of Article II of the Pennsylvania Uniform Commercial Code.

27.     The injuries and damages sustained by plaintiff, were caused by a breach of the implied warranty of merchantability extended to plaintiff by defendants, The Toro Company, The Home Depot and Home Depot U.S.A., Inc., in connection with its manufacturer, distribution, sale, or use of pulleys.

WHEREFORE, plaintiff, Harry Sheldrake, demands judgment against defendants, jointly and severally, in an amount in excess of fifty thousand ($50,000.00) dollars and in an amount not

Case ID: 200401321

within the compulsory arbitration limit of this court.

SACCHETTA & FALCONE

By: _____
CRAIG A. FALCONE, ESQUIRE
Attorney for Plaintiff

## **VERIFICATION**

I hereby verify that the statements made in the foregoing document are true and correct to the best of my knowledge, information and belief.  The undersigned understands that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.